## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MAIKO SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: |
| | ) | **JURY DEMAND** |
| NORTHPOINTE RESOURCES, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MAIKO SHAW, by and through her attorneys, DeSANTO MORGAN & TAYLOR and WILLIAM J. PROVENZANO & ASSOCIATES, INC., who for her Complaint against the Defendant, NORTHPOINTE RESOURCES, INC., an Illinois corporation, alleges as follows:

### NATURE OF ACTION

1.      This lawsuit arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, for failure to accommodate, discrimination on the basis of disability, and retaliation. This lawsuit further arises under the Family Medical Leave Act, 29 U.S.C. § 102(a)(1)(D), for Defendant's willful failure to provide Plaintiff FMLA leave.  This lawsuit further arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.,* for Defendants' willful failure to compensate Plaintiff, MAIKO SHAW, as required by the above statutes for hours worked in excess of forty

(40) hours in a workweek.  Finally, this lawsuit arises under the common law doctrine of retaliatory discharge.

## JURISDICTION

2.      Federal jurisdiction arises under the provisions of ADA, 42 U.S.C. § 12101 *et. seq.*, Family Medical Leave Act, 29 U.S.C. § 102(a)(1)(D), the Portal-to-Portal Act, 29 U.S.C. §251 *et* seq., and federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.  The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

## VENUE

3.      Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendants are engaged in a business in this District, and a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

## PARTIES

4.      At all relevant times, the Plaintiff, MAIKO SHAW, was a resident of Gurnee, County of Lake, State of Illinois.

5.      At all relevant times, the Defendant, NORTHPOINTE RESOURCES, INC., was a corporation organized under the laws of the State of Illinois with its principle place of business in Zion, Illinois.  The Defendant is engaged in the business of assisting individuals with mental and physical disabilities with independent living services.

6.      On or about March 17, 1996, the Plaintiff, MAIKO SHAW, agreed to become an employee of the Defendant, NORTHPOINTE RESOURCES, INC., as a Developmental Training Instructor.  The Plaintiff held various positions during her employment with the Defendant.

7.      In exchange for her services, the Defendant, NORTHPOINTE RESOURCES, and Plaintiff agreed that the Plaintiff would be compensated.  In her last position with the Defendant, she was compensated as a salaried employee and classified as overtime exempt.

8.      In addition, it was a term and condition of employment that the Plaintiff, MAIKO SHAW, would be entitled to receive worker's compensation benefits in the event she sustained an on-the-job injury.

9.      On or about the 13th day of April, 2015, the Plaintiff, MAIKO SHAW, sustained an injury to her shoulder as a result of having to restrain a patient.

10.     The Plaintiff, MAIKO SHAW, filed a workers' compensation claim for the medical treatment and lost wages she sustained in this workplace injury.

11.     On or about the 31st day of August, 2017, the Plaintiff, MAIKO SHAW, sustained emotional injuries as a result of having to chase and retrieve a consumer that had escaped the facility by wheelchair and wheeled into a busy street near the facility grounds.

12.     The police were notified regarding this emergency incident and eventually detained the patient.

13.     Thereafter, the Plaintiff, MAIKO SHAW, was diagnosed with post-traumatic stress disorder (PTSD).  She also suffers from problems sleeping and panic attacks.

14.     On or about September 11, 2017, the Plaintiff, MAIKO SHAW, reported to the Defendant's Human Resources Department that she had PTSD with sleep deprivation and panic attacks.

15.     As a result of these emotional injuries, on or about September 11, 2017, the Plaintiff, MAIKO SHAW, made a claim for workers' compensation benefits.

3

16.     At or around the same time, the Plaintiff, MAIKO SHAW, also notified her supervisor, Heather Holub, about her PTSD with sleep deprivation and panic attacks.  During her reporting to Holub, she told that "I thought you were joking" and "to snap out of it."

17.      On or about September 14, 2017, the Plaintiff, MAIKO SHAW, endured a panic attack that required hospitalization.  It was determined that this panic attack was the result of severe PTSD and sleep deprivation.

18.     The Plaintiff, MAIKO SHAW, made the Defendant, NORTHPOINTE RESOUCES, aware of the hospitalization and panic attack.  As a result of a doctor's note, she was placed on leave from September 11, 2017 until October 11, 2017.

19.     Thereafter, an agent of the Defendant, Susan Sladek, made the Plaintiff's colleagues aware of the Plaintiff's "meltdown."

20.     On or about October 2, 2017, the Plaintiff, MAIKO SHAW, returned to employment.  At the time of her release, her doctor noted that she had not determined if the Plaintiff would experience any triggers in the workplace.

21.     In response to the doctor's note clearing the Plaintiff for duty and noting the uncertainty of the Plaintiff's triggers, the Defendant's Human Resources department by Linda Basamal told the Plaintiff "we never asked you to put your life in danger."

22.     The Plaintiff, MAIKO SHAW, provided a doctor's note that requested she be given an accommodation with the Defendant, NORTHPOINT RESOURCES, INC., that she not work with volatile or difficult consumers who may have emergency situations or that there otherwise be ample staff when working with aggressive consumers.  Additionally, the Plaintiff was not to intervene in aggressive consumer situations.

4

23.    Prior to August 31, 2017, the Plaintiff, MAIKO SHAW, had no performance coaching, improvements plans, disciplinary action, or any other form of performance concern.

24.    In January 2018, the Plaintiff, MAIKO SHAW, was disciplined for failure to do a transportation of a patient.

25.    However, at the time, the Plaintiff was the only independent living counselor and it is the Defendant's policy that an independent living counselor cannot do a transport alone.

26.    Also, in or about January 2018, the Plaintiff, MAIKO SHAW, was disciplined by written format for a money log issue.  The Plaintiff became aware of this disciplinary action after reviewing her personnel file after her termination.

27.    From October 2017 until April 2018, the Plaintiff, MAIKO SHAW, was repeatedly asked to work one-on-one with aggressive consumers.  On numerous occasions, the Plaintiff raised to the Defendant that she was not being adequately accommodated and being put consistently in situations with consumers that, if a patient became aggressive, she would be unable to intervene and protect herself or the consumer.

28.    The response by the Defendant to these complaints was to criticize and demean the Plaintiff.

29.    On one particular instant, on or about March 13, 2018, the Plaintiff complained to Holub that the Plaintiff was being placed in compromising situations because of shortage of staff.  Holub responded that "it was part of your job and this job is not for everyone - you know where the door is."

30.    This course of conduct continued until April 18, 2018, when the Plaintiff, MAIKO SHAW, was terminated by the Defendant, NORTHPOINTE RESOURCES.

5

**COUNT I - Violation of Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.***

31.     The Plaintiff, MAIKO SHAW, incorporates and adopts paragraphs 1 through 30 as if set forth herein fully as paragraph 31.

32.     At all relevant times, there was in effect in the State of Illinois the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (hereinafter "ADA").

33.     During the course of employment, the Plaintiff, MAIKO SHAW, was an "employee" as defined by the ADA.

34.     During the course of employment, the Defendant, NORTHPOINTE RESOURCES, was an "employer" as that term is defined by the ADA.  In particular, the Defendant, NORTHPOINTE RESOURCES, employed fifteen or more employees, including the Plaintiff.

35.     At all relevant times, the Plaintiff, NORTHPOINTE RESOURCES, was a qualified individual with a disability within the meaning of 42 U.S.C. § 12101(2)(A), § 12102(2)(B), and § 12102(2)(C) based upon her previously described medical conditions.

36.     At all relevant times, the Plaintiff, MAIKO SHAW, had one or more impairments, as previously described, within the meaning of the ADA that substantially limited one or more of her major life activities.

37.     The Plaintiff was regarded as having such impairment by the Defendant, NORTHPOINTE RESOURCES.

38.     At all relevant times, the Plaintiff, MAIKO SHAW, was qualified to perform the essential functions of her job within the meaning of the ADA.

39.     While the Plaintiff, MAIKO SHAW, was employed by the Defendant, NORTHPOINTE RESOURCES, she satisfactorily performed her duties with the Defendant.

40.     Pursuant to the ADA, it is a civil rights violation for employers to fail to provide reasonable accommodations for employees with disabilities or discriminate on the basis of disability in all bases of employment, including discipline.

41.      In violation of the Americans with Disabilities Act, the Defendant, NORTHPOINTE RESOURCES, committed one or more of the following actions:

a.     Failed to make reasonable accommodations to the Plaintiff in providing the accommodations requested by the Plaintiff's doctor's note which regarded the Plaintiff as disabled;

b.     Failed to make reasonable accommodations to the Plaintiff in failing to provide continuous accommodations;

c.     Failed to make any reasonable accommodation to the Plaintiff;

d.     Failed to engage in any or a timely, good faith, and meaningful exchange to determine an effective reasonable accommodation;

e.     Disciplined the Plaintiff on the basis of her disability or need for accommodation of a leave of absence;

f.     Terminated the Plaintiff on the basis of her disability or need for accommodation of a leave of absence;

g.     Disciplined the Plaintiff in retaliation for making complaints about the failure to accommodate her;

h.     Terminated the Plaintiff in retaliation for making complaints about the failure to accommodate her; and

i.     Was otherwise in violation of the Americans with Disabilities Act.

7

42.     As a result of the discriminatory and retaliatory conduct of the Defendant,

NORTHPOINTE RESOURCES, the Plaintiff, MAIKO SHAW, has sustained the following and

ongoing damages:

      a.    Loss of wages, benefits, and income from the time of her
            termination and ongoing;

      b.    Humiliation, embarrassment, and emotional distress
            damages and ongoing;

      c.    Attorneys' fees and costs for the prosecution of this action
            and ongoing;

      d.    Prejudgment interest; and

      e.    other losses to be determined.

43.     On May 3, 2019, the Plaintiff, MAIKO SHAW, received a right to sue letter from

the EEOC on this claim.

WHEREFORE, the Plaintiff, MAIKO SHAW, prays for judgment against the Defendant,

NORTHPOINTE RESOURCES, INC., plus her costs of suit, statutory penalties, and attorneys'

fees.

**COUNT II – Violation of Family Medical Leave Act, Sec. 102(a)(1)(D)**

44.     The Plaintiff, MAIKO SHAW, incorporates and adopts paragraphs 1 through 30 as

if set forth herein fully as paragraph 44.

45.     Under the Family Medical Leave Act (hereinafter "FMLA"), the Plaintiff, MAIKO

SHAW, was an "eligible employee." An "eligible employee" is defined as "an employee who has

been employed for at least 12 months by the employer with respect to whom leave is requested

under section 102; and for at least 1,250 hours of service with such employer during the previous

8

12-month period."

46.     Under the FMLA, the Defendant, NORTHPOINTE RESOURCES, was an "employer" who was required to grant its employees with FMLA benefits.  An "employer" is defined by the FMLA as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and any successor in interest of an employer; and includes any "public agency," as defined in section 3(x) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(x))."

47.     From on or about December 2016 to on or about January 10, 2017, the Plaintiff, MAIKO SHAW, was off from work because of a serious illness or medical condition.  In addition, from September 11, 2017 to October 11, 2017, the Plaintiff, MAIKO SHAW, was off from work because of a serious illness or medical condition.

48.     In violation of the Family Medical Leave Act, the Defendant, NORTHPOINTE RESOURCES, failed to give the Plaintiff, MAIKO SHAW, an eligible employee, benefits of FMLA leave.

49.     As a result of the above alleged conduct of the Defendant, NORTHPOINTE RESOURCES, the Plaintiff, MAIKO SHAW, has sustained the following and ongoing damages:

        a.     Loss of wages, benefits, and income during leave;

        b.     Attorneys' fees and costs for the prosecution of this action
            and ongoing;

        c.     Prejudgment interest;

      d.      Accompanying statutory penalties; and

      e.      other losses to be determined.

WHEREFORE, the Plaintiff, MAIKO SHAW, prays for judgment against the Defendant, NORTHPOINTE RESOURCES, INC., plus her costs of suit, statutory penalties, and attorneys' fees.

### COUNT III- Violation of Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

50.     The Plaintiff, MAIKO SHAW, incorporates and adopts paragraphs 1 through 30 as if set forth herein fully as paragraph 50.

51.     At all relevant times, there was in effect in the State of Illinois FLSA, 29 U.S.C. § 2611, *et. seq.*

52.     During the course of employment, the Plaintiff, MAIKO SHAW, was an "employee" as defined by FLSA.

53.     During the course of employment, the Defendant, NORTHPOINTE RESOURCES, was an "employer" as that term is defined by FLSA.

54.     Defendant is an employer in an industry affecting commerce within the meaning of and subject to FLSA, 29 U.S.C. § 201 *et seq.*

55.     At all times relevant, the Defendant classified the Plaintiff, MAIKO SHAW, as exempt from overtime.

56.     At all certain relevant times, the job duties of Plaintiff did not qualify under any of the exemptions established by the FLSA.  As such, Plaintiff was required to work in excess of forty (40) hours in a workweek, performing non-exempt services, without pay for those hours

over forty (40) at a rate of time and one-half her regular rate of pay, pursuant to the requirements of the federal and state statues herein relied upon.

57.     At all times relevant, the primary duty of Plaintiff, MAIKO SHAW, was Residential Manager.  In addition, the Plaintiff performed the duties of independent living counselor as residential facilities.

58.     At all times relevant, Plaintiff, MAIKO SHAW, performed some exempt, managerial services.  At the same time, the Plaintiff, MAIKO SHAW, performed other non-exempt, caregiving services.  She performed these non-exempt services in excess of forty hours in a workweek.  Specifically, the Plaintiff worked typically 5-10 hours of overtime per week.

59.     At all relevant times, the Defendant's acts were not based upon good faith or reasonable grounds.

60.     In violation of the Fair Labor Standards Act, the Defendant committed one or more of the following actions:

        a.     failed and refused to compensate the Plaintiff for overtime hours worked as previously described;

        b.     failed and refused to compensate the Plaintiff at time and one-half for hours worked in excess of forty fours per workweek as previously described; and

        c.     was otherwise in violation of the Fair Labor Standards Act.

61.     As a result of the violations of the Defendant, the Plaintiff, MAIKO SHAW, has sustained the following and ongoing damages:

        a.     Loss of overtime wages for a period of three years prior to the filing of this complaint;

      b.      Prejudgment interest as to the total amount of unpaid overtime compensation;

      c.      liquidated damages;

      d.      Attorneys' fees and costs for the prosecution of this action and ongoing; and

      e.      other losses to be determined.

WHEREFORE, the Plaintiff, MAIKO SHAW, prays for judgment against the Defendant, NORTHPOINTE RESOURCES, INC., plus her costs of suit, statutory penalties, and attorneys' fees.

## COUNT IV - Retaliatory Discharge (in the alternative)

62. The Plaintiff, MAIKO SHAW, incorporates and adopts paragraphs 1 through 30 as if set forth herein fully as paragraph 62.

63. At the point that the Plaintiff filed a second workers' compensation claim, for emotional injuries, and it became contested, the Defendant, NORTHPOINTE RESOURCES, terminated the Plaintiff's employment.

64. The termination of the Plaintiff, MAIKO SHAW, by the Defendant, NORTHPOINTE RESOURCES, was motivated by the actions of the Plaintiff when she sought workers' compensation benefits for emotional injuries as outlined above.

65. The Defendant, NORTHPOINTE RESOURCES, discharged the Plaintiff, MAIKO SHAW, in retaliation for her activities and the discharge was in contravention of a clearly mandated public policy.

66. At the time of her discharge, it was the intention of the Plaintiff, MAIKO SHAW, to remain employed by the Defendant, NORTHPOINTE RESOURCES, indefinitely.

67.     As a direct and proximate result of the conduct of the Defendant, NORTHPOINTE RESOURCES, as described above, the Plaintiff, MAIKO SHAW, suffered damages as herein alleged:

      a.     The Plaintiff was terminated from her position;

      b.     The Plaintiff has suffered a loss of earnings and benefits;

      c.     The Plaintiff has suffered a loss of longevity accumulation in procuring alternative employment; and

      d.     The Plaintiff has procured an attorney in order to prepare, investigate, and prosecute this action at great cost and expense to the Plaintiff.

WHEREFORE, the Plaintiff, MAIKO SHAW, prays for judgment against the Defendant, NORTHPOINTE RESOURCES, INC., plus her costs of suit.

## JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

_____
Diana C. Taylor
Attorney for the Plaintiff


DIANA C. TAYLOR (4994471)
DeSanto Morgan & Taylor (357260)
712 Florsheim Drive
Libertyville, Illinois 60048
(847) 816-8100
dtaylor@dmtlawgroup.com


William J. Provenzano (2259451)
William J. Provenzano and Associates, Ltd.
1580 S. Milwaukee Avenue, Suite 520
Libertyville, Illinois 60048
(847) 816-6588

14