IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAIKO SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:19-CV-05212 |
| | ) Judge Thomas M. Durkin |
| NORTHPOINTE RESOURCES, INC., | ) |
| an Illinois corporation, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS
## COUNT II OF PLAINTIFF'S COMPLAINT

Defendant, NorthPointe Resources, Inc. ("NorthPointe"), by and through its attorneys, hereby moves to dismiss Count II of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, Defendant states as follows:

1. Plaintiff was employed by NorthPointe from March, 1996 until April, 2018 when her employment was terminated. Compl. at ¶¶6, 30.

2. Plaintiff commenced employment at NorthPointe in the position of Developmental Training Instructor. Compl. at ¶6.

3. Plaintiff's Complaint in this matter alleges the following four counts: Count I alleges discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq* ADA; Count II alleges violation of Family Medical Leave Act, Sec. 102 (a)(1)(D); Count III alleges violation of Fair Labor Standards Act, ("FMLA") 29 U.S.C. §§ 201, *et seq.;* and, Count IV alleges an Illinois common law claim of workers' compensation retaliatory discharge.

4. Plaintiff alleges that she sustained injuries and required two leaves of absences during the last three years of her employment at NorthPointe as follows:

a. From December, 2016 to January, 2018 for a "serious illness or mental condition" (Compl. at ¶47); and

b. From September 11, 2017 to October 11, 2017 for alleged emotional injuries due to chasing and retrieving a patient. (Compl. at ¶11, 15, 18, 47).

5. Plaintiff admits by her allegations that she was granted leaves of absence for both alleged injuries. *See* Compl. at ¶¶18, 47.

6. Plaintiff's allegations admit that she was allowed to return to work after both leaves of absence since her first leave began in 2016 and her second leave ended in October, 2017, but she was not terminated until April, 2018. Compl. at ¶¶18, 30, 47.

7. Plaintiff alleges that she was terminated on account of her disability. Compl. at ¶41(f).

8. In support of her FMLA claim, Plaintiff alleges, in a conclusory manner, that NorthPointe was covered under the FMLA and that Plaintiff was an eligible employee. Compl. at ¶¶45, 46.

9. In Paragraph 48 of her Complaint, Plaintiff pleads in conclusory matter that NorthPointe violated the FMLA because it, "failed to give the Plaintiff, MAIKO SHAW, an eligible employee, benefits of FMLA leave." However, Plaintiff admits that she was granted the leaves and returned to work and does not allege any facts to support the vague and conclusory allegation that NorthPointe refused to "give the Plaintiff . . . benefits of FMLA leave." Compl. at 48.

10. Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is proper where a plaintiff fails to allege sufficient facts to state a legal claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While it is true that all well-pleaded

facts are accepted as true and are construed in favor of the plaintiff, in *Twombly*, the Supreme Court retired the standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 561, *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The standard now requires a plaintiff to provide "more than labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, in order to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts presented that are only legal conclusions or elements of the cause of action may "be disregarded on a motion to dismiss." *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011).

11. There are two types of claims that may be asserted against an employer under the FMLA: (1) an "interference" claim under the FMLA's provision that it is, "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA, (29 U.S.C. 2615(a)(1)); and/or (2) a "retaliation/discrimination" claim under the FMLA provision prohibiting employers from discharging or discriminating against employees for "opposing any practice made unlawful" by the FMLA (29 U.S.C. 2615(a)(2); 2615 (b)).

12. Courts have dismissed far stronger FMLA claims as insufficient. For example, in *Phelan v. City of Chicago*, 125 F. Supp. 870 (N.D. Ill. 2000) the court dismissed an FMLA discrimination claim finding that Plaintiff's allegation that he "was terminated from his position . . . while on a FMLA leave, in violation of the FMLA" was insufficient to state a viable claim even under liberal federal pleading standards. The court held:

> Plaintiff does not allege he was discharged because he sought or took an FMLA leave; rather, Plaintiff alleges only that he was discharged "while on a FMLA leave." (Am. Compl. P 19.) The FMLA, however, prevents employers only from discriminating against employees for requesting leave

3

> authorized by the Act. 29 U.S.C. § 2617; *Hypes v. First Commerce Corp.*, 134 F.3d 721, 725-26 (5th Cir., 1998). Therefore, if, as here, Plaintiff fails to allege that his discharge was motivated by his request for leave there is no liability under the FMLA. *Id*. See also *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Under the FMLA, there is no absolute right not to be discharged while on such a leave. *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 680 (7th Cir. 1997)(employee has "no greater right to reinstatement or to other benefits and conditions of employment than if employee had been continuously employed during the FMLA leave period." Citing 29.C.F.R. § 825.216(a))

*Id*. at 375-76. As in *Phelan,* Plaintiff fails to allege that her termination, "was motivated by [her] request for [FMLA] leave. . . ." Accordingly, as in *Phelan*, Plaintiff's FMLA claim should be dismissed.

13. Similarly, in *Montgomery v. Wal-Mart Stores, East, L.P.,* 2013 U.S. Dist. LEXIS 124475 (N.D. Ill. Aug. 29, 2013) the court dismissed Plaintiff's FMLA interference claim on the grounds that it failed to allege sufficient facts holding:

> In order to prevail on a FMLA interference claim, "the employee must establish: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him <u>FMLA</u> benefits to which he was entitled." *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006). The Court agrees with Wal-Mart that Montgomery's complaint falls short of what is needed to adequately plead an FMLA interference claim. His complaint simply states that he was denied FMLA leave, which is insufficient; it provides no facts regarding why he believes he was eligible for FMLA leave and does not allege that he requested it from Wal-Mart. Accordingly, Wal-Mart's motion to dismiss is GRANTED as to this claim.

*Id.* at 7. Here, Plaintiff neither alleges that she provided sufficient notice of her intent to take leave nor that she made a request for leave which was denied.

14. Beyond the conclusory statement that Northpointe "failed to give the Plaintiff . . . benefits of FMLA leave" Plaintiff's fails to allege any facts to support a violation of the FLSA.

4

15. Moreover, Plaintiff's allegations negate a violation of the FMLA. In Paragraphs 47-48 of her Complaint, Plaintiff admits that she was granted requested leaves of absence thus negating a claim for "interference" and, in Paragraphs 18, 30, 47, Plaintiff admits that she was allowed to return to work after both leaves of absence (her first leave began in 2016 and her second leave ended in October, 2017 and she was not terminated until April, 2018). Finally, Plaintiff complains that her April termination was on account of her alleged disability – not her medical leaves. Compl. at ¶41(f).

16. In sum, Plaintiff's Complaint fails to allege sufficient facts to give Defendant notice of the nature of Plaintiff's FLSA claims and, moreover, pleads facts which establish compliance with, not a violation of, the FMLA.

WHEREFORE, and for the above-stated reasons the Defendant, NorthPointe Resources, Inc., respectfully requests that this Court grant Defendant's Motion to Dismiss and enter an order dismissing Count II of the Plaintiff's Complaint with prejudice.

Respectfully submitted,

By:   /s/ Jennifer Adams Murphy
       Jennifer Adams Murphy

Jennifer Adams Murphy
Peter Hansen
Wessels Sherman Joerg Liszka Laverty Seneczko P.C.
2035 Foxfield Road, Suite #200
St. Charles, Illinois 60174
jemurphy@wesselssherman.com
Telephone: (630) 377-1554
Facsimile: (630) 377-1653
**ATTORNEYS FOR DEFENDANT**

5

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on October 7, 2019, a true and correct copy of **Defendant's Motion to Dismiss Count II of Plaintiff's Complaint** was filed with the Court through its CM/ECF system, causing it to be served electronically upon the following attorneys of record. Notice of electronic filing constitutes service under Fed. R. Civ. P. 5(b)(2)(E) as to all e-filers in a case assigned to ECF.

| | |
|---|---|
| Diana C. Taylor | William J. Provenzano |
| DeSanto, Morgan & Taylor | William J. Provenzano and Associates, Ltd. |
| 712 Florsheim Drive | 1580 S. Milwaukee Avenue, Suite 520 |
| Libertyville, IL 60048 | Libertyville, Illinois 60048 |

                                                                                           /s/ Jennifer Adams Murphy
                                                                                          Jennifer Adams Murphy